CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 21 2005

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT LEE BRUCE, JR., Petitioner, | Civil Action No. 7:05-cv-00464<br>Crim. No. 3:94-cr-00061 |
| v. | **Memorandum Opinion and Order** |
| UNITED STATES OF AMERICA, Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner, Robert Lee Bruce, Jr., a federal inmate proceeding pro se, has submitted to the court this motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255. A jury convicted Bruce of drug crimes in 1995, and the court sentenced him to life imprisonment. Court records indicate that Bruce previously filed a §2255 motion, Civil Action No. 7:98-cr-00039, regarding the same conviction and/or sentence, which this court denied. Thus, petitioner's current §2255 motion is a second or subsequent one, falling under the provisions of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Under these amendments, this court may consider a second or successive §2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See §2255, ¶8. As petitioner has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive §2255 motion, the court must dismiss his current §2255 motion.

Bruce asserts that in the alternative, the court may consider his motion as seeking to reopen his case, pursuant to Rule 60-B, because his criminal sentence was illegal, or as a motion to recall the mandate on sentencing. Neither of these requests provide any legal authority on which the court could take the requested actions. Rule 60(b) of the Federal Rules of Civil Procedure does not apply

in criminal actions. Furthermore, this court has no authority to "recall" or even modify a criminal sentence imposed in 1995, absent circumstances not present here. See 18 U.S.C. §3582(c)(2) (district court may not grant defendant's motion to modify sentence already imposed unless motion is based on retroactive change in sentencing guidelines); Fed. R. Crim. P. 35 (court can correct or reduce sentence only within seven days from the entry of the judgment, upon motion by the government or upon remand from court of appeals).

Finally, Bruce submits to this court two motions styled in the United States Court of Appeals for the Fourth Circuit: asking an appellate judge to recuse himself from Bruce's case and asking for certification to file a successive §2255 motion, motion under Rule 60(b), or motion to recall the mandate. This court must dismiss these motions for lack of jurisdiction, and Bruce may present them directly to the appellate court (if he so desires).

In accordance with the foregoing,

it is hereby

## ORDERED

that the above referenced motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, shall be and hereby is dismissed without prejudice as successive, petitioner's other motions are hereby dismissed for lack of jurisdiction, and the action is hereby stricken from the active docket of the court.

Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive §2255 motion. Petitioner must submit a copy of successive §2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive

§2255 motion. See 28 U.S.C. §2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

The Clerk is directed to send certified copies of this order to petitioner and to strike the case from the active docket of the court.

ENTER: This 21st day of July, 2005.

/s/ James C. Turk
Senior United States District Judge